**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

NICOLAS CARTAYA,

         Petitioner,

    v.

TODD BLANCHE, *et al.*,

         Respondents.

Case No. 2:26-cv-01381-RFB-NJK

**ORDER APPOINTING COUNSEL**

Petitioner Nicolas Cartaya, an immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1). He challenges the lawfulness of his ongoing detention at the Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). He asserts he is a member of the certified class in Jacobo Ramirez v. Noem,[1] --- F.Supp.3d ---, 2026 WL 310090 (D. Nev. Feb. 5, 2026). Therefore, he may be entitled to relief pursuant to the Court's class-wide grant of partial summary judgment. See Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33–34 (D. Nev. Mar. 30, 2026).

### I.    FILING FEE

First, based on Petitioner's financial circumstances, the Court finds that he should not be required to pay the filing fee in this matter. See 28 U.S.C. § 1915 (enabling petitioners in civil detention to seek leave to proceed *in forma pauperis*). Therefore, **IT IS HEREBY ORDERED** Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.

///

---

[1] Kristi Noem has since been substituted for Respondent Markwayne Mullin, the current Secretary of the Department of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See FED. R. CIV. P. 25(d).

## II.    APPOINTMENT OF COUNSEL

Second, the Court appoints counsel to represent Petitioner. By statute, this Court has the discretion to appoint counsel for indigent habeas corpus petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); see also Hill v. Lizarraga, 731 Fed.Appx. 686, 687 n.2 (9th Cir. 2018); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (quoting 18 U.S.C. § 3006A). That standard is satisfied here, as this case necessarily implicates a complex web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act as: a "morass;" a "Gordian know;" and "King Minos's labyrinth in ancient Crete") (citations omitted). Therefore, **IT IS HEREBY ORDERED** Petitioner's Motion for Appointment of Counsel is (ECF No. 1-2) is **GRANTED. IT IS FURTHER ORDERED** the Federal Public Defender for the United States District of Nevada ("FPD") is **APPOINTED** to represent Petitioner. The Clerk of Court is kindly instructed to **ADD** the FPD to the docket as an "Attorney to be Noticed" using the following email address: ecf_nvchu@fd.org. The Clerk is further instructed to **SEND** a copy of this Order to the FPD and CJA Coordinator for this division. **IT IS FURTHER ORDERED** the FPD must **FILE** a notice of appearance, or **ADVISE** the Court that it cannot represent Petitioner, by **May 11, 2026**. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw.

## III.    DOCUMENT PRODUCTION

Third, Respondents must produce certain documents that are relevant to Petitioner's detention. This Court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." Harris v. Nelson, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); cf. also Rule 6(b), Rules Governing Section 2254 Cases in the United States District Courts (empowering a court to authorize discovery in habeas corpus proceedings for "good cause"); id. at Rule 1(b) (enabling a court to apply these rules to petitions brought under 28 U.S.C. § 2241). Indeed, it is "the inescapable obligation of the courts" to vindicate their "habeas corpus jurisdiction" by fashioning "methods for securing facts

where necessary." Harris, 394 U.S. at 299. In short, "the power of inquiry on federal habeas corpus is plenary." Id. at 292 (citing Townsend v. Sain, 372 U.S. 293, 321 (1963)). Here, the Court finds that Petitioner has established a *prima facie* case for class-relief. But, since Petitioner is presently detained, he lacks the ability to adequately develop his claim(s) in the absence of records that are in Respondents' custody and control.  Cf. id. at 291 ("And this Court has emphasized . . . the fact that the petitioner, being in custody, is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in [their] petition[.]"). Thus, the Court concludes that it needs limited discovery to properly dispose of this matter.

Therefore, **IT IS HEREBY ORDERED** Respondents must **PRODUCE** the following records, which are relevant to the lawfulness of Petitioner's detention: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Specifically, Respondents must **PRODUCE** these materials to Petitioner's Counsel by **May 12, 2026**. Alternatively, by that same date, Respondents must **CERTIFY** that, after a diligent search, they have determined that the record(s) are not in their possession, custody, or control.

## IV.    BRIEFING

Fourth, pursuant to the Court's inherent authority "to manage [its] dockets . . . with a view toward the efficient and expedient resolution of cases," Cahill v. Insider Inc., 131 F.4th 933, 938 (9th Cir. 2025) (quoting Dietz v. Bouldin,579 U.S. 40, 47 (2016)), **IT IS HEREBY ORDERED** the following parameters will govern this case:

### A. SCHEDULE

    i.    **Notice of Class Membership**: On, or before, **May 14, 2026**, Respondents must file a notice which indicates whether Petitioner is, or is not, a member of the Jacobo Ramirez Class. See Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-

MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026) ("'Class Members' are: All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States."). Respondents shall file the following documents alongside their Notice: (1) Form I-862 Notice to Appear and (2) Form I-213 Record of Deportable or Inadmissible Alien.

ii. **Amended Petition**: On, or before, **May 19, 2026**, Petitioner must file an amended petition for a writ of habeas corpus *unless* the FPD declines to represent Petitioner. Upon reviewing the amended petition, the Court will issue an order to show cause, set a briefing schedule, or dismiss the petition as meritless. See 28 U.S.C. § 2243.

B. **FILINGS**

i. Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

ii. The Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

iii. The Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for an extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion, or stipulation, must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

iv. The Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with

the Court, unless the Court orders otherwise. See LR IC 6-1; see also Fed. R. Civ. P. 5.2.

## V.    JURISDICTION

Fifth, to preserve its own jurisdiction over this case, the Court temporarily enjoins Respondents from transferring Petitioner beyond the United States District of Nevada. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 608 (1966); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Such an injunction is appropriate here. The Supreme Court of the United States has repeatedly held that only one district has jurisdiction over a "core habeas petition:" "the district of confinement." Trump v. J.G.G., 604 U.S. 670, 672 (2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). Were Petitioner removed from the District of Nevada, this Court could potentially lose jurisdiction over their claim(s). Therefore, **IT IS HEREBY ORDERED** Respondents are **ENJOINED** from transferring Petitioner outside of the District of Nevada until this Court orders otherwise. **IT IS FURTHER ORDERED** Respondents may seek leave of Court if, and when, they intend to remove Petitioner from this judicial district.

## VI.    SERVICE

Finally, the Clerk of Court is kindly **INSTRUCTED** to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1), and this Order, to Counsel for Respondent John Mattos at ahesman@strucklove.com.

3. **MAIL** a copy of the Petition (ECF No. 1-1), and this Order, pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

**DATED:** May 7, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**